# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| INTERCURRENCY SOFTWARE LLC, § <br> § <br> *Plaintiff*, § <br> § <br> v. § <br> § <br> FORIS DAX ASIA PTE. LTD. and FORIS § <br> DAX INC., § <br> § <br> *Defendants*. § | CIVIL ACTION NO. 2:23-CV-00361-JRG |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's Motion for Judgment on the Pleadings (the "Motion") filed by Defendant Foris DAX Asia PTE. LTD. ("Foris DAX Asia"). (Dkt. No. 8.) In the Motion, Foris DAX Asia requests dismissal of the above-captioned case under Rule 12(c) because Plaintiff Intercurrency Software LLC ("Plaintiff" or "Intercurrency" and with Foris DAX Asia, the "Parties") "has not properly served Foris DAX Asia, and because Intercurrency made no efforts to pursue proper service on the Singaporean entity it sued, or sought this Court's leave for alternative service." (*Id*. at 2.) Since Foris DAX Asia filed the Motion, Plaintiff filed its First Amended Complaint for Patent Infringement. (Dkt. No. 23.)

It is well established that a later-filed amended pleading moots a Rule 12 motion challenging an earlier-filed pleading. *See Griffin v. Am. Zurich Ins. Co.*, 697 F. App'x 793, 797 (5th Cir. 2017) ("Once filed, that amended complaint rendered all earlier motions . . . moot."); *see also Bishop Display Tech LLC v. Samsung Elecs. Co., Ltd.*, No. 2:21-cv-00139-JRG, Dkt. No. 40 (E.D. Tex. Oct. 4, 2021) ("Once Plaintiff filed its amended complaint, the Motion became moot."); *Ultravision Technologies, LLC v. Eaton Corp. PLC*, 2019 WL 11250161, at *1 (E.D. Tex. Nov.

7, 2019) ("Accordingly, the filing of an amended complaint moots a motion to dismiss the original complaint.").

Accordingly, the Court finds that the Motion (Dkt. No. 8) should be and hereby is **DENIED AS MOOT**. Nonetheless, for the reasons discussed below, the Court finds that the above-captioned case should be **DISMISSED** as it pertains to Foris DAX Asia pursuant to Federal Rule of Civil Procedure 4(m).

Plaintiff filed its complaint on August 4, 2023. (Dkt. No. 1.) On October 23, 2023, Plaintiff obtained a summons. (Dkt. No. 3.) Two days later, Plaintiff delivered the summons and complaint to the Texas Secretary of State. (Dkt. No. 4.) Several months later, on January 11, 2024, Plaintiff filed an executed summons. (*Id.*) However, Foris DAX Asia purportedly never received a copy of the summons and complaint from the Texas Secretary of State. Foris DAX Asia raised this issue with Plaintiff, and after failing to negotiate a mutually agreeable solution on service of process, Foris DAX Asia filed (1) an answer to the complaint on August 14, 2024, which includes a defense of Improper Process and Service (Dkt. No. 6 at 9), and (2) the Motion on August 29, 2024. (Dkt. No. 8.)

Plaintiff did not substantively respond to the Motion. Instead, Plaintiff filed the following three paragraph response to the Motion:

> Plaintiff Intercurrency Software LLC respectfully submits this Response to Defendant Foris Dax Asi Pte. Ltd.'s Motion for Judgment on the Pleadings (Dkt. No. 8), and files this Motion to Withdraw the proof of service filed at Docket 4.
>
> Counsel for Foris DAX Asia Pte. Ltd. made an appearance on February 15, 2024 and filed an Answer on August 14, 2024, and a Motion for Judgment on the Pleadings on August 29, 2024. In Its Motion, Defendant asserts service was not proper.
>
> Although Plaintiff maintains service was proper and does not agree with Defendant's Motion, in the interest of streamlining the litigation as it currently stands, Plaintiff respectfully requests that the Court withdraw the current proof of service.

(Dkt. No. 11 at 1.)

Rule 4(m) provides in relevant part the following:

**Time Limit for Service**. If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Here, Plaintiff clearly delayed perfecting service beyond the ninety day period provided by Rule 4(m). As Plaintiff tacitly acknowledges in its "response," it improperly attempted to serve process through the Texas Secretary of State in January, 2024. *See Traxcell Techs., LLC v. Nokia Sols. And Networks US LLC*, No. 2:18-cv-00412-RWS-RSP, 2019 WL 8137134, at *3 (E.D. Tex. Oct. 22, 2019) (rejecting plaintiff's argument that service was complete when the Texas Secretary of State was served); *Macrosolve, Inc. v. Antenna Software, Inc.*, No. 6:11-cv-00287, 2012 WL 12903085 (E.D. Tex. Mar. 16, 2012). When Foris DAX Asia first notified Plaintiff regarding the inadequacy of service on January 24, 2024 (Dkt. No. 8-3), Plaintiff took no immediate action. In fact, Plaintiff delayed until after Foris DAX Asia filed the Motion when it merely requested on September 26, 2024 "that the Court withdraw the current proof of service." (Dkt. No. 11 at 1.) Plaintiff does not attempt to explain how there could be good cause for this nearly fourteen month delay in *any* action—let alone curative action to perfect proper service—after it filed the complaint. Furthermore, Plaintiff did not request an extension of time from the Court to perfect service, despite Foris DAX Asia's repeated notices of deficient service. Plaintiff is represented by counsel and such counsel has filed numerous lawsuits in this Court. Counsel should know how to practice in this Court in compliance with the Federal Rules of Civil Procedure.

While Plaintiff subsequently moved for leave to effect alternative service on October 10, 2024 (Dkt. No. 13) and purportedly perfected service on January 8, 2025 (Dkt. No. 22), these belated filings do not cure Plaintiff's prolonged failures. The Fifth Circuit has considered a similar

3

situation in *Thrasher v. City of Amarillo*. There, plaintiff (a *pro se* litigant) received several extensions of time to perfect service but failed to serve the defendants in the time provided by the district court. *Thrasher v. City of Amarillo*, 709 F.3d 509, 510 (5th Cir. 2013). After the extended deadline had passed, the defendants moved to dismiss the complaint. *Id*. Counsel then appeared on plaintiff's behalf, but plaintiff did not respond to the motion to dismiss for almost six months and did not perfect service for over five months *after* plaintiff's extended deadline. *Id*. The district court subsequently granted the motion and dismissed the action "because [plaintiff] failed to show good cause for the delay in perfection of service." *Id*. The Fifth Circuit affirmed, finding no abuse of discretion by the district court because plaintiff "did not properly serve [d]efendants until almost ten months after suit was filed," plaintiff "fail[ed] to show that he exercised due diligence during the remaining time available to perfect service of process," and during plaintiff's delay, "there were prolonged periods of inactivity." *Id*. at 511–13.

The Court finds *Thrasher* instructive. Under these particular circumstances, it is **ORDERED** that the above-captioned case is **DISMISSED WITHOUT PREJUDICE** with respect to Foris DAX Asia.[1] The Court further finds that Plaintiff's Motion for Leave to Effect Service by Alternate Means (Dkt. No. 13) should be and hereby is **DENIED AS MOOT**.

---

[1] In the Motion, Defendant requested the Court to dismiss the case *with* prejudice. Rule 4(m) is clear: "If a defendant is not served within 90 days after the complaint is filed, the court . . . *must dismiss the action without prejudice* against that defendant or order that service be made within a specified time." Defendant's request relies upon a misreading of *Thrasher*. In that case, the district court did *not* dismiss the case with prejudice. Rather, the Fifth Circuit reviewed the district court's decision as though the district court dismissed the case with prejudice because the applicable statute of limitations likely barred future litigation after dismissal without prejudice. *Thrasher*, 709 F.3d at 512–13. Here, it appears as though the patents asserted by Plaintiff have not expired and no statute of limitations or similar mechanism would prohibit Plaintiff from refiling suit.

**So ORDERED and SIGNED this 31st day of January, 2025.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE